Commonwealth *v.* Jensen.

Argued May 10, 1973, before Judges CRUMLISH, JR., WILKINSON, JR. and ROGERS, sitting as a panel of three. Application for reargument denied August 2, 1973.

*Edward F. Peduzzi,* for appellant.

*Stuart A. Liner,* Assistant Attorney General, with him *Anthony J. Maiorana,* Assistant Attorney General, *Robert W. Cunliffe,* Deputy Attorney General, and *Israel Packel,* Attorney General, for appellee.

OPINION BY JUDGE CRUMLISH, JR., June 22, 1973:

On October 2, 1966, Appellant Jensen was apprehended for speeding at a rate of seventy-three (73) miles per hour in a fifty-five (55) mile per hour zone in violation of §1002(b)(6) of The Vehicle Code, Act of April 29, 1959, P. L. 58, as amended, 75 P.S. §1002 (b)(6). Appellant, after being notified of the opportunity for a hearing,[1] mailed in the fine and costs in the amount of fifteen dollars. This was accompanied by a letter of protest stating that his speed was 63 and not 73 miles per hour. Upon receipt of certification of the conviction by the Secretary, six points were assigned to Appellant's record pursuant to the provisions of §619.1 of The Vehicle Code, 75 P.S. §619.1.

---

[1] Appellant alludes to the alleged insufficiency of the notice here because it directed him to appear or pay the fine and costs within ten days. Appellant admits, however, that no attempt was made to obtain a continuance or make other arrangements.

On February 17, 1967, notice was sent to Appellant directing him to report for Driver Improvement instruction and also indicating that a suspension of his driving privileges would be imposed at a later date. Jensen appealed from this action of the Department. Upon motion of the Commonwealth, this appeal was quashed as being premature because the suspension had not as yet been ordered.

Appellant was once again directed to attend Driver Improvement School but failed to do so. Pursuant to §619.1(f) of The Vehicle Code, 75 P.S. §619.1(f), five additional points were added to Appellant's record and he was thereafter notified that having accumulated 11 points, his driving privileges were being suspended for a 75 day period. On appeal,[2] the Court of Common Pleas of Cambria County affirmed the action of the Department. We must affirm.

Appellant's sole contention is that he was not traveling 73 miles per hour when clocked by the policeman but was going more in the vicinity of 63-65 miles per hour. Thus Appellant admits that he was speeding but alleges that the actual rate of speed was different from that for which he was charged and convicted. This argument, which may or may not be meritorious,[3] should have been proffered at a hearing upon the conviction and not here where we are considering the license suspension. Jensen was charged with traveling at a rate of 73 miles per hour in a 55 miles per hour zone and by

---

[2] A supersedeas staying the suspension pending the outcome of the appeal was granted.

[3] The Commonwealth could not produce the inspection certificate of the police car involved which would show that the car's speedometer had been checked within thirty days of the arrest although the policeman noted on the violation slip that the speedometer had, in fact, been checked within ten days of the violation. He got this information off of the inspection certificate that was carried in the car. It has since been destroyed.

paying the fine and costs, he pleaded guilty *to that charge.* "[W]here the operator pays the fine and costs, this amounts to a waiver of hearing and a plea of guilty and is tantamount to an admission of conviction." *Commonwealth v. James,* 6 Pa. Commonwealth Ct. 493, 496, 296 A. 2d 530, 531 (1973) ; *See also Stout Motor Vehicle License Case,* 199 Pa. Superior Ct. 182, 184 A. 2d 108 (1962) ; *Commonwealth v. Halteman,* 192 Pa. Superior Ct. 379, 162 A. 2d 251 (1960). In *Preston Motor Vehicle Case,* 216 Pa. Superior Ct. 415, 168 A. 2d 233 (1970), it was held that payment of a fine and costs even under protest was a plea of guilty and an admission of conviction.

Jensen should have taken advantage of the hearing on the conviction and there attempted to prove that he was not driving at the rate of speed charged. This may have resulted in a lessening of the suspension period. Having admitted, by pleading guilty to the charge of driving at the rate of 73 miles per hour, we have no alternative but to affirm the action of the lower court.

Affirmed.