Joseph R. Naglich, an individual, and Naglich Auto Sales, Inc., a Pennsylvania Corporation, Petitioners *v.* Commonwealth of Pennsylvania, State Board of Motor Vehicle Manufacturers, Dealers and Salesmen, Respondent.

Argued October 18, 1984, before Judges MACPHAIL, BARRY and COLINS, sitting as a panel of three.

*Joseph J. Malizia, Joseph J. Malizia, P.C.,* for petitioners.

*Michele P. Monaghan,* Board Counsel, with her, *Jerome P. Grossi,* Counsel, *Joyce McKeever,* Chief Counsel, Professional & Occupational Affairs and *David F. Phifer,* Chief Counsel, Department of State, for respondent.

OPINION BY JUDGE MACPHAIL, December 19, 1984:

Joseph R. Naglich and Joe Naglich Auto Sales, Inc. (Petitioner) appeal here from a decision of the State Board of Motor Vehicle Manufacturers, Dealers and Salesmen (Board) which ordered that Petitioner's salesman and dealer licenses be revoked.

The Board concluded as a matter of law that Petitioner had violated Section 5 of the Motor Vehicle Salesmen's License Act (License Act), Act of September 9, 1965, P.L. 499, *as amended,* 63 P.S. §805,[1] by knowingly making a substantial misrepresentation of a material fact. The Board found that Petitioner failed to disclose the true mileage of a vehicle when he sold the vehicle.

---

[1] Repealed by Section 26 of the Board of Vehicles Act, Act of December 22, 1983, P.L. 306, 63 P.S. §818.26. A similar provision is now found in Section 10 of the Board of Vehicles Act, 63 P.S. §818.10, which became effective subsequent to the instant proceedings.

In our review of this decision, this Court must affirm the Board's adjudication unless we find that Petitioner's constitutional rights have been violated, the adjudication is not in accordance with the law, or necessary findings of fact are not supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C. S. §704.

Petitioner questions the admission into evidence of various copies of documents from New York state.[2] We find that the document identified as exhibit C-5 was improperly admitted into evidence because it fails to conform to Section 5328(a) of the Uniform Interstate and International Procedure Act, 42 Pa. C. S. §5328(a).[3] Those pages of the document identified as exhibit C-6 which are copies of documents from New York state were also improperly admitted. Although the Pennsylvania records in exhibit C-6 conform to the requirements of Section 6103 of the Judicial Code, 42 Pa. C. S. §6103, the mere fact that documents from another state are kept with Pennsylvania records does not validate those documents independently of Section 5328(a) of the Uniform Interstate and International Procedure Act.

Since the documentary evidence regarding the alleged illegal act must be excluded, the substantial evidence supporting the Board's finding that Petitioner violated Section 5 of the License Act must be found in the evidence relating to Petitioner's payment of a fine and costs pursuant to a citation for tampering

---

[2] The documents in question were objected to as hearsay at the hearing.

[3] While the document is sworn to as being a certified copy of a New York State record, there is no indication that this is an official publication or an attestation by an officer having legal custody of the record, or that the notary was a public officer having official duties in the governmental unit in which the record is kept.

with an odometer,[4] a violation of Section 1112(c) of the Vehicle Code, 75 Pa. C. S. §1112(c).[5] Petitioner argues, however, that such evidence is inadmissible pursuant to the provisions of Section 6142 of the Judicial Code, *as amended,* 42 Pa. C. S. §6142, which provides

(a)  General rule.—A plea of guilty or nolo contendere, or a payment of the fine and costs prescribed after any such plea, in any summary proceeding made by any person charged with a violation of Title 75 (relating to vehicles) *shall not be admissible as evidence in any civil matter* arising out of the same violation or under the same facts or circumstances.

(b)  Exception.—The provisions of subsection (a) shall not be applicable to administrative or judicial proceedings involving the suspension of a motor vehicle or tractor operating privilege, learner's permit, or right to apply for a motor vehicle or tractor operating privilege, or the suspension of a certificate of appointment as an official inspection station, or the suspension of a motor vehicle, tractor, or trailer registration.  (Emphasis added.)

We must agree with the Petitioner that Section 6142 does not apply to the evidence regarding Petitioner's plea of guilty to the summary offense.[6] None

---

[4] Petitioner also stated that he paid repair bills for the customer who purchased the car for which the citation was issued.

[5] Repealed by Section 4 of the Act of June 14, 1983, P.L. 16.  A similar provision is now found in Section 7132 of the Vehicle Code, 75 Pa. C. S. §7132.

[6] Although the Petitioner denies that he entered a plea of guilty, he did admit that he paid a fine and costs believing that this would end the matter.  This Court has previously held that payment of a fine and costs amounts to a plea of guilty and is equivalent to an admission of conviction.  *Commonwealth v. Jensen,* 9 Pa. Commonwealth Ct. 451, 454, 307 A.2d 476, 477 (1973).

of the exceptions set forth in Section 6142(b) are applicable to the facts of the case now before us. Such evidence, therefore, was inadmissible in the administrative proceeding now under our review.

Petitioner denied throughout the proceeding that he had tampered with the odometer or that he had failed to disclose the true mileage on the vehicle he sold. Under the circumstances, we are compelled to conclude that since the documentary evidence and the testimonial evidence regarding the citation proceeding should have been excluded, there is no substantial evidence to support the Board's crucial findings of fact. We, accordingly, reverse.

ORDER

The order of the State Board of Motor Vehicle Manufacturers, Dealers and Salesmen dated December 12, 1983, File No. 82-MV-726, is hereby reversed.