542 A.2d 655

Joseph Puskas, Appellant *v.* Commonwealth of Pennsylvania, Appellee.

Submitted on briefs January 12, 1988, to President Judge CRUMLISH, JR., Judge COLINS, and Senior Judge BLATT, sitting as a panel of three.

*Ira Mark Goldberg,* for appellant.

*Stephen F. J. Martin,* Assistant Counsel, with him, *Harold H. Cramer,* Assistant Counsel, *Spencer A. Manthorpe,* Chief Counsel, *Jay C. Waldman,* General Counsel, for appellee.

OPINION BY SENIOR JUDGE BLATT, June 14, 1988:

Joseph Puskas (appellant) appeals from the order of the Court of Common Pleas of Lehigh County affirming the cancellation of his driver's license by the Department of Transportation (DOT) pursuant to Section 1572 of the Vehicle Code (Code), 75 Pa. C. S. §1572. We will reverse.

According to the facts as accepted by the trial court, the appellant's operating privilege was revoked on July 1, 1977 by the State of Illinois as a result of his conviction for driving under the influence of intoxicating liquor (DUI). He was subsequently transferred to another state and, therefore, never applied to have his Illinois privilege reinstated.[1] After obtaining a valid license in Florida, the appellant moved to Pennsylvania in 1982. At that time, he surrendered his Florida driver's license and applied for a Pennsylvania license.

This request was initially granted, but was later cancelled upon DOT's discovery of the appellant's unreconciled record in Illinois. This cancellation was appealed and a hearing was held on April 8, 1983 at which no testimony was taken. Records of the appellant's Illinois conviction and license revocation were introduced by DOT at that time. The appellant objected on the grounds that these records were inadmissible hearsay.

The trial court held that, in order for the appellant to be eligible for a Pennsylvania driver's license, he must first attend an alcohol highway safety school. If he had wanted to have his operating privilege restored at the time that his violation is alleged to have occurred, then he would have only had to wait for one year before reapplying and paying a reinstatement fee.

There are three issues presently before us on appeal.[2] The first concerns the admissibility of the appel-

[1] The appellant claims that he never held an Illinois driver's license, but was licensed in California at the time he was stationed in Illinois with the Armed Services. Appellant's Brief at vi. We note that there is no license number listed on the Illinois Order of Revocation.

[2] This case was previously before this Court, but was remanded to correct and supplement the record because the exhibits offered into evidence by DOT, and the trial court's rulings thereon, were not included. *Puskas v. Commonwealth* (No. 1403 C.D. 1983, filed October 22, 1985).

lant's Illinois driving record. We note that our scope of review in cases such as this in which the trial court has held a *de novo* hearing is limited to a determination of whether findings of fact are supported by competent evidence, whether errors of law have been committed, and whether the decision demonstrates a manifest abuse of discretion. *Bender v. Commonwealth,* 103 Pa. Commonwealth Ct. 485, 520 A.2d 919 (1987).

We will first address the evidence question. Section 1572 of the Vehicle Code (Code), 75 Pa. C. S. §1572 provides in pertinent part as follows:

The department may cancel any driver's license upon determining that the licensee was not entitled to the issuance or that the person failed to give the required or correct information or committed fraud in making the application or in obtaining the license or the fee has not been paid.

Section 1503(a) of the Code, 75 Pa. C. S. §1503(a) relevantly provides:

The department shall not issue any driver's license to, or renew the driver's license of, any person:

(1) Whose operating privilege is suspended or revoked in this or any other state except as otherwise provided in this title.

(2) Whose operating privilege is suspended or revoked in any other state upon grounds which would authorize the suspension or revocation of the operating privilege under this title.

DOT, of course, has the burden of proving that the appellant's operating privilege is under suspension or revocation in another state. To satisfy this burden, DOT submitted copies of the Report of Inquiry Searched received pursuant to its request to the National Driver

Register indicating that the appellant's driver's license had been withdrawn by the State of Illinois and that it had never been restored; the Order of Revocation, effective July 1, 1977 and signed by the Secretary of State for the State of Illinois; and the citation and court record pertaining to the appellant's DUI conviction in Illinois. The authenticity of the copies received from Illinois is not attested to nor are they accompanied by a certificate by a judge or officer of Illinois.

The appellant and DOT dispute the proper standard to be applied to the authentication of such documents. The appellant argues that compliance with Section 5328(a) of the Uniform Interstate and International Procedure Act (UIIPA), 42 Pa. C. S. §5328(a), is necessary, while DOT contends that compliance with Sections 6103(a) of the Judicial Code and 6109 of the Uniform Photographic Copies of Business and Public Records as Evidence Act, 42 Pa. C. S. §§6103(a), 6109 respectively, is sufficient.

Section 5328(a) of the UIIPA provides that:

An official record kept within the United States, or any state, district, commonwealth, . . . or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

Section 6103(a) of the Judicial Code is patterned after Section 5328(a) of the UIIPA, but applies only to official

records *kept within this Commonwealth*.[3] Illinois driving records are clearly not records that are kept within this Commonwealth.

DOT argues that, because the copies of the Illinois records are part of the Department's file, are held in the custody of the Secretary and the Director of the Bureau of Traffic Safety Operations, and are certified by him, they are part of the Department's official record and are therefore admissible under Section 6103(a) of the Judicial Code and Section 6109 of the Uniform Photographic Copies of Business and Public Records as Evidence Act. We note, however, that the applicability of these two sections was previously considered by this Court in *Naglich v. State Board of Motor Vehicle Manufacturers, Dealers and Salesmen*, 86 Pa. Commonwealth Ct. 478, 485 A.2d 851 (1984). In that case, Judge MACPHAIL wrote that, "the mere fact that documents from another state are kept with Pennsylvania records does not validate those documents independently of Section 5328(a) of the Uniform Interstate and International Procedure Act." *Id*. at 480, 485 A.2d at 852. These words are particularly appropriate here as well.

DOT attempts to distinguish the case of *Appeal of Finkelstein*, 73 Pa. Commonwealth Ct. 417, 458 A.2d 326 (1983), from the instant case on the basis that the documents in *Finkelstein* were computer printouts, while the documents we are now concerned with include a copy of an Order of Revocation, the original of which had been signed by the Secretary of State of the State of Illinois. We are wholly unpersuaded, and hold that *Finkelstein* controls on this issue. The decision in *Finkelstein* was based on the fact that the documents

---

[3] DOT excluded the critical word "kept" when they quoted Section 6103(a) of the Judicial Code on page 6 of its brief, therefore stating only that it applied to documents "within this Commonwealth", rather than those *kept* within this Commonwealth.

were not properly certified by the other state as required by Section 5328(a) of the UIIPA.[4]

We are not sympathetic to DOT's argument that to require it to comply with Section 5328(a) of the UIIPA "would necessitate alteration of the existing methods of exchange of information among the states, and require needless, cumbersome documentation and retention of original certified records inconsistent with efficient current practice." DOT's brief at 9. DOT must comply with current law, and we note that it is certainly more convenient than requiring an Illinois official to appear in person to authenticate the records.

We now follow the holding in *Finkelstein,* and hold that the records of the appellant's Illinois conviction introduced by DOT are inadmissible hearsay and were improperly admitted into the record by the trial court. Consequently, nothing remains on the record to support the trial court's decision, and DOT has not met its burden of proof.[5]

We will, accordingly, reverse the decision of the trial court.

---

[4] The cases relied upon by DOT on page 8 of its brief are inapposite because they deal with the sufficiency of evidence required for the "notice of conviction" element of Section 618(e) of the Vehicle Code of 1959, Act of April 29, 1959, P.L. 58, *as amended, formerly* 75 P.S. §618(e), repealed by the Act of June 17, 1976, P.L. 162. This section dealt with the suspension or revocation of the operator's license of any person licensed in this Commonwealth upon DOT receiving notice of the conviction of that person in another state for offenses which would normally warrant those penalties under Pennsylvania law.

[5] Because of our disposition of this case on the admissibility issue, we need not address the additional issues of equal protection and whether the appellant's Illinois operating privilege is suspended or revoked within the meaning of Section 1503(a) of the Code.

### ORDER

AND NOW, this 14th day of June, 1988, the decision of the Court of Common Pleas of Lehigh County in the above-captioned matter is hereby reversed.