# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin A. Pezzano, : 
        Appellant :
: No. 2022 C.D. 2015
        v. :
: Argued: October 19, 2016
Towamencin Township :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE P. KEVIN BROBSON, Judge
              HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE JULIA K. HEARTHWAY, Judge
              HONORABLE JOSEPH M. COSGROVE, Judge


OPINION BY
JUDGE McCULLOUGH                FILED: February 16, 2017


        Kevin A. Pezzano (Pezzano) appeals from the October 2, 2015 order of the Court of Common Pleas of Montgomery County (trial court), sustaining the preliminary objections of Towamencin Township (Township) and dismissing, with prejudice, Pezzano's complaint asserting a claim for breach of contract.

        Pezzano was employed by the Township as its Fire Marshal, Code Enforcement Officer, and Emergency Management Coordinator. On November 28, 2012, Pezzano was told that his employment would be terminated because the Township was "too small" to have a full-time Fire Marshal. Pezzano and the Township, by way of its Solicitor, entered into a Confidential Employee Separation Agreement and General Release (Agreement) dated January 14, 2013, which contained the following provision:

CONFIDENTIALITY
All parties agree that, at all times hereafter, the facts relating to the existence, terms and conditions of this Agreement and the allegations in this matter will be kept confidential and will not be disclosed voluntarily to any third party, except to the extent required by law, to enforce this Agreement, or to obtain confidential legal, tax or insurance advice with respect thereto. All parties further agree to refrain from disparaging each other in any fashion and to that end they will decline comment to any third party regarding each other, provided, however, that either may give sworn testimony about the other party if required or compelled to do so in a legal action or proceeding.

(Trial court op. at 1-2.)

On January 23, 2013, the Agreement was approved by a 3-2 vote of the Township Board of Supervisors, with Supervisors David Mosesso (Mosesso) and Harold Wilson (Wilson) dissenting. The Township's Solicitor signed the Agreement on behalf of the Township. Two days later, on January 25, 2013, Mosesso and Wilson gave statements to a journalist for the newspaper *The Reporter*. The next day, an article appeared in *The Reporter* in which Mosesso and Wilson were quoted as stating that Pezzano was "dismissed for cause." The article was also available online. (Trial court op. at 2.)

On April 4, 2013, Pezzano and his wife Elizabeth filed an action in the trial court (prior action) raising claims of defamation, invasion of privacy, fraud, and loss of consortium against Mosesso and Wilson, and breach of contract against the Township. The prior action alleged that Mosesso and Wilson had no intention of honoring the confidentiality clause at the time the Agreement was executed, and that their false statements harmed Pezzano's veracity and

professional reputation. Mosesso, Wilson and the Township all filed preliminary objections. (Reproduced Record (R.R.) at 34a.)

On November 20, 2013, the trial court sustained the preliminary objections of Mosesso and Wilson and overruled the preliminary objections of the Township. The trial court found that the defamation and invasion of privacy claims against Mosesso were barred by immunity because his position as a second-class township supervisor qualified him as a high public official and the comments were made in the scope of his authority. The trial court found that the fraud claim against both Mosesso and Wilson was legally insufficient because it contained no well-pleaded material facts, was not stated with particularity, and was predicated upon speculation and legal conclusions. Pezzano discontinued without prejudice the prior action as to the Township and appealed the trial court's ruling as to Mosesso and Wilson. (R.R. at 26a-31a, 35a-39a.)

In an unpublished panel decision, this Court affirmed the trial court's decision sustaining the preliminary objections. *Pezzano v. Mosesso* (Pa. Cmwlth., Nos. 189 C.D. 2014 and 190 C.D. 2014, filed October 24, 2014) (*Pezzano I*). Notably, we held that any statements made by Mosesso explaining his vote and the rationale for his vote were within the course of his legitimate duties and within his authority; therefore, the trial court did not err in determining that he was entitled to high public official immunity with respect to the defamation and invasion of privacy claims. (R.R. at 41a-55a.)

On April 24, 2015, Pezzano filed a second complaint against the Township alleging a single count of breach of contract, namely the confidentiality provision of the Agreement. Pezzano claims that the Township breached the Agreement because Mosesso and Wilson voluntarily provided comment to a journalist in which they disclosed the existence and terms of the Agreement, and

3

because the statement that Pezzano was "dismissed for cause" was false and disparaging. The Township filed preliminary objections alleging legal insufficiency based upon this Court's prior decision in *Pezzano I*; failure to state a claim for breach of contract for failure to show disparagement by the Township; Township immunity; the "Gist of the Action" doctrine; and a motion to strike allegations of damages related to defamation. Following oral argument and the filing of briefs, the trial court issued an order dated October 2, 2015, sustaining the Township's preliminary objections and dismissing Pezzano's complaint with prejudice. Pezzano then filed a notice of appeal with the trial court. (R.R. at 2a-24a.)

In its Pa.R.A.P. 1925(a) opinion, the trial court noted that Pezzano's complaint solely alleged a breach of contract claim, which requires him to plead the following: (1) the existence of a contract, including its essential terms; (2) a breach of duty imposed by the contract; and (3) resultant damages. *General State Authority v. Coleman Cable and Wire Co.*, 365 A.2d 1347, 1349 (Pa. Cmwlth. 1976). The trial court stated that the law is clear that a contract action cannot be maintained against a person who is not a party to the contract, unless the plaintiff is a third-party beneficiary of the contract or the suit is for products liability or breach of warranty. *Commonwealth, State Public School Building Authority v. Noble*, 585 A.2d 1136, 1140 (Pa. Cmwlth. 1991). In this case, the trial court noted that because Supervisors Mosesso and Wilson did not sign, and were not parties to, the Agreement, they were not bound thereby and their actions could not be a basis for breach of the same.

The trial court also rejected an agency argument raised by Pezzano, referencing our prior opinion wherein we held that the Township's Supervisors were not bound by the terms of the Agreement simply because of their

4

employee/agency status with the Township. In our prior opinion, we explained that the Solicitor represented the Township, not individual members, and the Solicitor cannot make an agreement that would preclude a council person from explaining why he/she voted a particular way. Finally, the trial court stated that a master such as the Township cannot be held liable for the actions of its servant unless there is a cause of action against the servant. *Leis v. Mosesso* (Pa. Cmwlth., Nos. 249-251 C.D. 2014, filed April 17, 2015), 2015 Pa. Commw. Unpub. LEXIS 274.[1] The trial court noted that our prior opinion rejected any cognizable cause of actions against Supervisors Mosesso and Wilson. With no cause of action against the agents, i.e., the Supervisors, the trial court concluded that there was no basis for a cause of action against the Township.

On appeal to this Court,[2] Pezzano argues that the trial court erred in sustaining the Township's preliminary objections because he and the Township,

---

[1] Joseph Leis had worked as the Township's Director of Community Planning, but was separated from his employment at the same time as Pezzano. He executed an identical confidentiality agreement and was subject to the same comments from Supervisors Mosesso and Wilson, which led to his filing of a complaint alleging claims of defamation, business and trade disparagement, invasion of privacy, tortious interference with contract, tortious interference with prospective contractual relationships, and breach of contract against the Supervisors and the Township. Similar to this case, the trial court sustained preliminary objections filed by the Supervisors and the Township and dismissed Leis's complaint. This Court affirmed in the unpublished decision cited above.

[2] Our review of a trial court order sustaining preliminary objections and dismissing a complaint is limited to determining whether the trial court committed an error of law or abused its discretion. *Myers v. Montgomery County*, 92 A.3d 102, 106 n.5 (Pa. Cmwlth. 2014). Preliminary objections should be sustained only when the law makes clear that the plaintiff cannot succeed on his claim, and any doubts must be resolved in favor of the plaintiff. *Id.* Additionally, when ruling on preliminary objections, courts must accept as true all well-pleaded material allegations in a complaint and any reasonable inferences that may be drawn from the averments. *Id.*

which can only act through its Supervisors, entered into an express written contract which was breached by Supervisors Mosesso and Wilson acting on the Township's behalf. The Township responds that its Solicitor, not Supervisors Mosesso and Wilson, signed the agreement on its behalf and that an individual council member does not have an agency relationship with the Solicitor. Additionally, the Township asserts that a contract action cannot be maintained against a person who is not a party to the contract, unless the plaintiff is a third party beneficiary of the contract or the suit is for products liability or breach of warranty. *State Public School Building Authority v. Noble C. Quandel, Co.*, 585 A.2d 1136, 1140 (Pa. Cmwlth. 1991). However, the Township's assertions are misplaced.

The contract at issue in this case, i.e., the Agreement, was executed by Pezzano and the Township's Solicitor, on behalf of the Township itself. Pezzano initiated the present suit against the Township, which is in fact a party to the Agreement. While the Township relies on this Court's 2014 unpublished decision relating to Pezzano's initial complaint, wherein we stated that an individual council member does not have an agency relationship with the Solicitor, this argument misses the mark as the issue here is the relationship of Supervisors Mosesso and Wilson to the Township, not the Solicitor who acts on its behalf and at its direction. Moreover, the facts of the prior action are distinguishable. Significantly, in the prior action, Pezzano had initiated a cause of action against Supervisors Mosesso and Wilson sounding in tort, i.e., defamation, invasion of privacy, and fraud, and against which Supervisors Mosesso and Wilson enjoyed high public official immunity.

Additionally, the statement made by this Court, and upon which the Township now relies, was in response to an allegation of fraud in negotiating the Agreement, a process in which the Solicitor, not Supervisors Mosesso and Wilson,

6

participated. Indeed, we went on to state in that case that "the only party bound by the Agreement is the Township . . . ."[3] *Pezzano I*, slip op. at 12. Here, however, the claim brought by Pezzano does in fact allege a breach of contract claim against the Township, the party with whom he directly contracted.

The Township's reliance on our previous decision in *Leis* is similarly misplaced. In that case, Leis had specifically alleged that *false* statements were made by Supervisors Mosesso and Wilson outside their authority as members of the Board, outside the scope of their official duties, and outside of their authority to act or speak on behalf of the Township. Additionally, we noted in *Leis* that Supervisors Mosesso and Wilson were not signatories to the Agreement and, hence, were not subject to a breach of contract claim. Because Leis's underlying claims against Supervisors Mosesso and Wilson failed, we held that any claims for *respondeat superior* against the Township also failed. However, our discussion did not consider the fact that Leis, similar to Pezzano herein, brought his breach of contract action directly against the Township.

To the extent the Township contends *Leis* stands for the proposition that a breach of contract claim cannot exist against the Township, this argument is specifically rejected. Generally, a township is bound to the terms of a legally executed contract. *Aston v. Southwest Delaware County Municipal Authority*, 535 A.2d 725, 728-29 (Pa. Cmwlth. 1988) (holding that a township was bound to the terms of a contract that was executed in accordance with its statutory authority). Here, despite the negative votes of Supervisors Mosesso and Wilson, the Township ultimately approved the Agreement with Pezzano. More importantly, Pezzano has

_____

[3] We also stated in *Pezzano I* that "a solicitor cannot make an agreement that would preclude a council person from explaining why he or she voted" a particular way. (Slip op. at 12.)

7

alleged in his complaint that Supervisors Mosesso and Wilson were agents and/or officers of the Township at all relevant times, an allegation that must be accepted as true in ruling on the Township's preliminary objections in the nature of a demurrer. *Myers*. Indeed, in *Pezzano I*, Supervisors Mosesso and Wilson asserted immunity on the basis that their actions in speaking with the journalist were in the course of their official and legitimate duties and within the scope of their authority.

Moreover, as the Honorable Senior Judge Friedman explained in her dissent in *Leis*, it is well settled that "a corporation can only act through its officers, agents, and employees." *Tayar v. Camelback Ski Corporation, Inc.*, 47 A.3d 1190, 1196 (Pa. 2012); *see also Maier v. Maretti*, 671 A.2d 701, 707 (a corporation acts only through its agents and officers, and such agents or officers cannot be regarded as third parties when they are acting in their official capacity). Similar to a private corporation, a political subdivision "can only act or carry out its duties through real people -- its agents, servants or employees." *Weatherly Area School District v. Whitewater Challengers, Inc.*, 616 A.2d 620, 621 (Pa. 1992) (citation omitted). Subsequently, "under the doctrine of vicarious liability, the corporation, not the employee, is liable for acts committed by the employee in the course of employment." *Tayar*, 47 A.3d at 1196; *see also Rinaldi v. Board of Vehicle Manufacturers, Dealers and Salespersons*, 843 A.2d 418, 421 (Pa. Cmwlth. 2004) ("corporations are necessarily required to conduct their business through agents and they are bound by the acts of their representatives within the apparent scope of the business with which they are entrusted") (citation omitted).

The Agreement executed between Pezzano and the Township included specific confidentiality requirements relating to Pezzano's separation from his employment. The Supervisors, as agents and officers through which the Township necessarily acts, approved such agreement on behalf of the Township.

8

As this Court recognized in *Pezzano I*, there is clearly no question that the Township was bound by the terms of the agreement which it so approved. *Pezzano I*, slip op. at 12.

The Township has admitted that Supervisors Mosesso and Wilson were also agents acting in their official capacity on behalf of the Township when they disclosed the terms of the confidential Agreement to the newspaper journalist. Such disclosure clearly violated the terms of the confidential Agreement to which the Township was bound. As this Court clarified in *Pezzano I*, the question of whether Supervisor Mosesso breached the confidentiality clause is of no moment in determining whether he is immune from a civil suit for damages on the basis of high public official immunity. Unlike *Pezzano I*, we are not determining a question of high public immunity; rather, here, we are concerned with the obligation of the Township for a breach of a contract to which it was bound.

The extent to which Supervisors Mosesso and Wilson may have high public immunity, or to which they could have expressed their opposition to the Agreement without discussing the confidential terms thereof, we do not here address. The outcome here is dictated by the terms of the Agreement as approved by the Township, i.e., the contractual obligation which it assumed. Our decision should not be read as a limitation of a public official's rights of free speech or his/her duty to keep the electorate informed. Rather, a Township is liable for its contractual obligations and, as consistent with *Tayar*, vicariously liable for the breach of such obligations by its agents. Thus, the trial court erred in sustaining the Township's preliminary objections.

9

Accordingly, the order of the trial court is reversed and the matter is remanded to the trial court for further proceedings.


                                                _____
                                                PATRICIA A. McCULLOUGH, Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin A. Pezzano,              :

          Appellant       :

                          :   No. 2022 C.D. 2015

          v.            :

                          :

Towamencin Township       :

## *ORDER*

AND NOW, this 16th day of February, 2017, the order of the Court of Common Pleas of Montgomery County (trial court), dated October 2, 2015, is hereby reversed. The matter is remanded to the trial court for further proceedings. Jurisdiction relinquished.

_____

PATRICIA A. McCULLOUGH, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kevin A. Pezzano,                        :
                                         :
                    Appellant            :
                                         :
        v.                               : No. 2022 C.D. 2015
                                         : Argued:  October 19, 2016
Towamencin Township                      :


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE P. KEVIN BROBSON, Judge
           HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JULIA K. HEARTHWAY, Judge
           HONORABLE JOSEPH M. COSGROVE, Judge


DISSENTING OPINION
BY JUDGE WOJCIK                          FILED:  February 16, 2017


        I respectfully dissent.  Pezzano does not dispute that he sued the Township, the party with whom he contracted directly, based upon the actions of the Township's agents or employees.  He argues that a contract can be breached by the actions of one who is not a party to that contract.  He claims that just like a private corporation, the Township can only act or carry out its duties through people such as its agents or employees.  He asserts that Mosesso's and Wilson's statements were made as agents of the Township within the scope of their duties, and these actions can be imputed to the Township in a breach of contract action. As a result, Pezzano claims that the trial court erred in dismissing his breach of contract claim against the Township.

We addressed Pezzano's agency argument in an unreported opinion[1] based on an identical set of facts in *Leis v. Mosesso*, (Pa. Cmwlth., Nos. 249 C.D. 2014, 250 C.D. 2014, 251 C.D. 2014, filed April 17, 2015).[2] In that case, we explained that "[u]nless a cause of action exists against the defendant Supervisors, the Township cannot be held liable." *Id.*, slip op. at 8 (citing *Mamalis v. Atlas Van Lines, Inc.*, 528 A.2d 198 (Pa. Super. 1987), *aff'd*, 560 A.2d 1380 (Pa. 1989) and *Skalos v. Higgins*, 449 A.2d 601 (Pa. Super. 1982)). In a prior appeal, we affirmed the dismissal of Pezzano's defamation claims against Mosesso and Wilson because they enjoyed absolute immunity. *Pezzano v. Mosesso*, (Pa. Cmwlth., Nos. 189 C.D. 2014, 190 C.D. 2014, filed October 24, 2014), slip op. at 6-11. While the instant matter is purportedly a contract action against the Township, it cannot be based on the privileged statements of Mosesso and Wilson who were not signatories to the Agreement. *See Leis*, slip op. at 8 ("Here, neither of the defendant Supervisors were parties or signatories to the Agreement. Accordingly, Leis would have no claim for breach of contract against the defendant Supervisors. . . . Because Leis's underlying claims for breach fail against the

---

[1] *See* Section 414(a) of this Court's Internal Operating Procedures, 210 Pa. Code §69.414(a) ("Parties may . . . cite an unreported panel decision of this court issued after January 15, 2008, for its persuasive value, but not as binding precedent.").

[2] The plaintiff, Joseph Leis, filed a complaint alleging, *inter alia*, a breach of contract claim against the Township for the purported violation of an identical confidentiality clause contained in his Confidential Employee Separation Agreement and General Release. As in the instant case, the Township's Solicitor signed the Agreement on the Township's behalf and Mosesso and Wilson then made statements to a journalist regarding the termination of Leis's employment.

defendant Supervisors, it necessarily follows that any claims for *respondeat superior* against the Township must also fail.").[3]

Accordingly, unlike the majority, I would affirm the order of the Montgomery County Court of Common Pleas.

_____
MICHAEL H. WOJCIK, Judge

---

[3] That does not mean that Pezzano does not have a remedy because he may seek rescission of the Agreement on the basis that there was a mutual mistake. As the Superior Court has explained:

> The doctrine of mutual mistake of fact serves as a defense to the formation of a contract and occurs when the parties to a contract have an erroneous belief as to a basic assumption of the contract at the time of formation which will have a material effect on the agreed exchange as to either party. A mutual mistake occurs when the written instrument fails to . . . set forth the "true" agreement of the parties. [T]he language of the instrument should be interpreted in light of the subject matter, the apparent object or purpose of the parties and the conditions existing when it was executed.

*Step Plan Services, Inc. v. Koresko*, 12 A.3d 401, 410 (Pa. Super. 2010) (citation omitted). In this case, the parties to the Agreement were apparently mistaken that they could regulate the immunized statements of two of the Township's high elected officials.