620 A.2d 659

**Steven R. RHOADS, Appellant,**

**v.**

**COMMONWEALTH of Pennsylvania, Appellee.**

Commonwealth Court of Pennsylvania.

Argued Dec. 17, 1992.

Decided Jan. 28, 1993.

Gary L. Leyder, for appellant.

Harold H. Cramer, Asst. Chief Counsel, for appellee.

Before CRAIG, President Judge, McGINLEY, J., and LORD, Senior Judge.

LORD, Senior Judge.

Steven Rhoads appeals from the order of the Dauphin County Court of Common Pleas dismissing his appeal and ordering him to submit his driver's license to the Pennsylvania Department of Transportation (Department).

Rhoads was arrested in the state of Delaware for driving under the influence of alcohol and/or drugs (DUI). He was convicted of that charge, and he was later informed by official notice that his driving privilege in that state was to be revoked for one year, effective August 2, 1991. Moreover, due to a reciprocal agreement between Delaware and the Commonwealth of Pennsylvania, the Department sent Rhoads a notice of suspension indicating that his driver's license was to be suspended for one year under Section 6146 of the Vehicle Code (Code), 75 Pa.C.S. § 6146. Rhoads filed an appeal to the common pleas court. When that court dismissed his appeal, he sought review here.

Rhoads presents two issues to this Court: (1) whether the common pleas court decision should be reversed where that court admitted into evidence and relied upon documents presented by the Department and alleged to be from the state of Delaware, which did not include a sufficient affidavit to satisfy the certification requirements specified in Section 5328(a) of the Uniform Interstate and International Procedure Act (Act), 42 Pa.C.S. § 5328(a) and which were, therefore, inadmissible hearsay; and (2) whether the common pleas court decision should be reversed as a result of the Department's failure to sustain its burden of proof under the reciprocal agreement entered into between Pennsylvania and Delaware.

First, according to Rhoads, the documentary evidence upon which the common pleas court relied was inadmissible hear-

say. This is because, he maintains, the documents to which he objected, but which were submitted by the Department and entered into evidence, did not meet the dictates of Section 5328(a) of the Act. Those documents include a photocopy of an affidavit of Wanda Atkinson, an employee of Delaware's Division of Motor Vehicles, a photocopy of an Official Notice of Revocation allegedly from Delaware and a photocopy of a Uniform Traffic Complaint and Summons allegedly from Delaware.

Section 5328(a) provides:

**§ 5328 Proof of official records**

(a) **Domestic record.**—An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

42 Pa.C.S. § 5328(a).

Pursuant to the decisions of this Court in *Naglich v. State Board of Motor Vehicle Manufacturers, Dealers and Salesmen*, 86 Pa.Commonwealth Ct. 478, 485 A.2d 851 (1984), *Puskas v. Commonwealth*, 117 Pa.Commonwealth Ct. 148, 542 A.2d 655 (1988) and *Appeal of Finkelstein*, 73 Pa.Commonwealth Ct. 417, 458 A.2d 326 (1983), in which this Court recognized out of state records must be validated according to Section 5328(a) of the Act, it is clear that the three abovementioned documents adduced by the Department must conform to the procedure outlined in section 5328(a) in order to be admissible. The Department contends that the records do

conform to that section.[1] Our review of these records, however, compels us to disagree.

 The affidavit to which the Delaware revocation notice was attached stated:

STATE OF DELAWARE

## AFFIDAVIT

Wanda Atkinson being duly sworn does DESPOSE AND SAY:

1. that I am over 18 years of age and an employee of the Division of Motor Vehicles of the State of Delaware.

2. on the 29th day of July A.D., 1991, mail in an envelope with postage prepaid, addressed to

Mr. Stephen Robert Rhoads

at 47 Quarry Road, Hhummelstown, Pa. 17036

an "Official Notification of Withdrawal of Drivers License and/or driving privileges", a copy of which is attached.

/s/ Wanda Atkinson
Employee

1. On page 10 of its brief, the Department admits the "relevant statute" is Section 5328(a) of the Act. Turning to the record, however, we note that, after Rhoads' attorney objected to the admission of the documents, the Department's attorney responded in pertinent part:

This document was submitted to the Department of Transportation. There is attestation, not merely that the person was over 18 years, but that this individual was an employee of the division of motor vehicles of the State of Delaware and that she was forwarding official notification of withdraw [sic] of the driver's license. I don't know it is anything a cleaning lady would have access to. This Court could find Wanda Atkinson who certified this to us did have the authority to send this documentation to us. And that the department's introduction of this through our certified seal certifying these are true and correct documents as maintained in the Department of Transportation, they are admissible pursuant to the relevant statute, Section 6103 and 6109 of the judicial code. (Notes of Testimony, Transcript of Hearing, 11/27/91, pp. 5–6).

*Finkelstein, Naglich* and *Puskas* are determinative of the principle that Sections 6103 and 6109 of the Judicial Code, 42 Pa.C.S. §§ 6103 and 6109 are inapplicable here, where we are not concerned with records kept within this Commonwealth.

Sworn to and subscribed before me this

8th day of Aug. A.D., 1991.

/s/ Mary L. Carter

This certificate clearly does not correspond to the procedural standards of section 5328(a), regardless of whether it was under official seal.[2] There is absolutely no indication that the certificate was made by a public officer as provided in the statute, nor does the certificate vouch that the copy of the revocation notice to which it was attached was in the custody of the officer supplying the attestation. Moreover, the signature appearing on the Delaware revocation notice was that of the Director of Motor Vehicles rather than that of the custodian of records or his deputy; the Uniform Traffic Complaint and Summons was barely legible, and even the Department admits the conviction may not have been under seal.

The common pleas court therefore erred when it determined that the documents in question were admissible. Nevertheless, this conclusion does not end our inquiry.

The Department further contends that, if the affidavit, revocation notice and traffic complaint and summons are hearsay, it has still met its burden of proof because Rhoads himself testified to his DUI conviction. However, even the common pleas court opined that "if the documents are hearsay, as contended by the appellant, the admission of appellant standing alone would not be sufficient to suspend his license." (common pleas court opinion, 4/10/92, p. 3).

Our scope of review of a common pleas court decision is, in this case, limited to a determination of whether an error of law has been made or whether the common pleas court decision demonstrates a manifest abuse of discretion. *Department of Transportation, Bureau of Traffic Safety v.*

---

**2.** There is a dispute between the parties as to whether the affidavit to which the copy of the Delaware revocation notice submitted by the Department was attached was under seal in conformance with Section 5328(a) of the Act. Our review of the copy of that affidavit contained in the record certified to us uncovered a seal so faint as to be unreadable, and so we cannot resolve the disagreement. In another instance, such a factor may have severely hindered our ability to perform our function effectively, and, of course, we discourage the submission of any such copy where it is at all possible to obtain a clearer one.

*Mumma,* 79 Pa.Commonwealth Ct. 108, 468 A.2d 891 (1983). In a license suspension appeal, it is well established that the only issues are whether the licensee was in fact convicted and whether the Department acted according to applicable law. *Radice v. Department of Transportation, Bureau of Traffic Safety,* 118 Pa.Commonwealth Ct. 627, 545 A.2d 1005 (1988); *Zeitlen v. Department of Transportation,* 106 Pa.Commonwealth Ct. 170, 525 A.2d 876 (1987); *Department of Transportation, Bureau of Traffic Safety v. Valentine,* 71 Pa.Commonwealth Ct. 8, 453 A.2d 742 (1982).

Because this Court must determine *two* issues relative to our scope of review, the fact that Rhoads admitted to his conviction is not dispositive of a conclusion in the Department's favor. Rather, as pointed out above, we must also resolve the equally compelling question of whether the Department acted in conformity with the pertinent statutes.

The suspension notice which Rhoads received from Pennsylvania provided as follows:

> As a result of the Department receiving a certified record of your conviction on ERROR of DRIVING UNDER INFLUENCE on 07/18/1991 in the State of DELAWARE, your operating privilege is being SUSPENDED for a period of 1 YEAR(S), as mandated by Section 6146 of the Vehicle Code.

But, as Rhoads asserts, Section 6146 of the Code does not require the suspension or revocation of Rhoads' license; it only authorizes the Secretary of Transportation to enter into agreements with other states relating to enforcement of the Commonwealth's Vehicle Code provisions. Pursuant to that section, the Commonwealth, acting through the Department, and Delaware, acting through its Department of Public Safety, entered into a reciprocal enforcement agreement which contains the following provision:

> 3. The Resident State of the driver shall, upon receipt of a copy of such conviction (for DELAWARE) or a certified copy of the Revocation Notice (for PENNSYLVANIA) treat the conviction in the same manner as if the violation had

occurred in the Resident State for the purpose of suspension or revocation of the driver's operating privilege.

We find convincing Rhoads' contention that the reciprocal agreement, entered into under the auspices of section 6146, is controlling and that the Department must abide by its provisions. The reciprocal agreement is clear that the Department must receive a certified copy of the Delaware revocation notice before treating the conviction as if the violation had occurred in this Commonwealth in order to suspend or revoke the driver's operating privilege. As we have already determined, the copy of the revocation notice did not meet the certification standards set forth in Section 5328(a) of the Act; likewise, the Uniform Traffic Complaint and Summons failed to meet those standards and, therefore, the common pleas court erred in admitting both documents into evidence and concluding therefrom that the Department met its burden of proving that Rhoads' operating privilege should be suspended.

Any contention that the certification must conform to only Delaware's requirements rather than those of section 5328(a) is rejected as illogical. It is true that, for such a document to be admissible in Delaware, the certification only has to conform to Delaware's requirements. But when section 5328(a) is used as a basis for such an admission in Pennsylvania, obviously, the certification must conform to the requirements of that section and not only to Delaware's requirements. Furthermore, because the copy of the Delaware revocation notice was erroneously admitted by the common pleas court, the Department cannot prove it even received a certified copy of that notice such that its authority to suspend Rhoads' license was triggered.

Where, as here, the Department did not act in accordance with applicable law, we reverse.[3]

**3.** In view of our disposition of this matter, we need not address Rhoads' argument that the conviction and notice of revocation from Delaware failed to fully comply with paragraph 4 of the reciprocal enforcement agreement.

## ORDER

AND NOW, this 28th day of January, 1993, the order of the Dauphin County Common Pleas Court, No. 4391 S 1991, dated November 27, 1991, is reversed.