**William J. MACKALL, Appellant,**

v.

**COMMONWEALTH of Pennsylvania, DEPARTMENT OF TRANSPORTATION, BUREAU OF DRIVER LICENSING.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Feb. 2, 1996.
Decided July 10, 1996.

Joseph M. Budicak, for appellant.

Timothy P. Wile, Asst. Counsel In–Charge, and Harold H. Cramer, Asst. Chief Counsel, for appellee.

Before COLINS, President Judge, and PELLEGRINI, J., and LORD, Senior Judge.

COLINS, President Judge.

William J. Mackall appeals the order of the Court of Common Pleas of Beaver County dismissing his statutory appeal and ordering him to submit his driver's license to the Pennsylvania Department of Transportation (Department).

Mackall, a Pennsylvania resident, was arrested in the State of West Virginia and charged with driving under the influence of alcohol. Mackall entered a plea of nolo contendere. Subsequently, Mackall was informed by official notice that his driving privilege in West Virginia was revoked for six months, effective January 27, 1995. Pursuant to a reciprocal agreement between West Virginia and the Commonwealth of Pennsylvania, the Department sent Mackall a notice of suspension indicating that his driver's license was to be suspended for 1 [1] under Section 1532(b) of the Vehicle Code (Code), 75 Pa.C.S. § 1532(b). Mackall filed an appeal to the common pleas court.

Before common pleas court, the Department offered into evidence a packet of documents certified under seal by both the Commonwealth Secretary of Transportation and the Commonwealth Director of the Bureau of Driver Licensing. Included in the packet were a photocopy of the official Notice of Revocation from the Commonwealth of Penn-

sylvania and a photocopy of the Uniform Traffic Citation and Complaint from the State of West Virginia which has on the reverse side an Abstract of Judgment with the seal of the State of West Virginia attached to the original. Over the objection of counsel, common pleas court admitted the documents into evidence. Subsequently, common pleas court dismissed Mackall's appeal and reinstated the license suspension. Mackall now appeals to this Court.

Before this Court, Mackall contends the documents offered by the Department do not meet the criteria set forth in Section 5328(a) of the Uniform Interstate and International Procedure Act (Act), 42 Pa.C.S. § 5328(a). Thus, Mackall contends the common pleas court improperly admitted, and subsequently relied upon, documentary evidence that was inadmissible hearsay.[2]

Section 5328(a) of the Act provides:

**Domestic record.**—An official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, or the Panama Canal Zone, the Trust Territory of the Pacific Islands, or an entry therein, when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in the governmental unit in which the record is kept, authenticated by the seal of his office.

42 Pa.C.S. § 5328(a).

The Department contends the common pleas court properly admitted the packet of documents because there is no longer a requirement that the records conform to Section 5328(a) of the Act as interpreted by

---

1. We note that the notice did not delineate whether the suspension was for one day, week, month, or year. This discrepancy is not before this Court on appeal.

2. This case does not question the Department's use of the Compact to suspend a Pennsylvania licensee's operating privilege as a result of an out-of-state conviction.

this Court in *Rhoads v. Commonwealth,* 153 Pa.Cmwlth. 155, 620 A.2d 659 (1993). The Department argues that it gave public notice that it was implementing the provisions of the Driver License Compact of 1961 (Compact), effective January 1, 1995.[3] It is the Department's position that the Compact facilitates the Department's fact-finding abilities in order to impose a driver license suspension. And, the General Assembly addressed the issue of proof of out-of-state conviction when it amended Section 1550 of the Code by adding subsection (d), which in turn governs issues of proof for out-of-state documentation. Section 1550(d) of the Code provides:

> **Out–of–State documentation.**—In any proceeding under this section, documents received by the department from the courts or administrative bodies of other states or the Federal Government shall be admissible into evidence to support the department's case. In addition, the department may treat the received documents as documents of the department and use any of the methods of storage permitted under the provisions of 42 Pa.C.S. § 6109 (relating to photographic copies of business and public records), and may reproduce such documents in accordance with the provisions of 42 Pa.C.S. § 6103 (relating to proof of official records). In addition, if the department receives information from courts or administrative bodies of other states or the Federal Government by means of electronic transmission, it may certify that it has received the information by means of electronic transmission and that certification shall be prima facie proof of the adjudication and facts contained in such an electronic transmission.

75 Pa.C.S. § 1550(d), *as amended.* Thus, contends the Department, the West Virginia documents are not required to conform to the certification procedures dictated by Sec-

tion 5328(a) of the Act in order to be admissible. For the reasons set forth below we affirm.

■ We agree with the Department that the General Assembly through enactment of Section 1550(d) of the Code has made out-of-state documents admissible in statutory appeals to support the Department's case. However, we do not agree that Article III of the Compact negates the dictates of Section 5328(a) of the Act regarding a seal and attestation for certification of out-of-state convictions to be admissible.

Article III of the Compact states:

> **REPORTS OF CONVICTION**—The licensing authority of a party state shall report each conviction of a person from another party state occurring within its jurisdiction to the licensing authority of the home state of the licensee. Such report shall clearly identify the person convicted; describe the violation specifying the section of the statute, code or ordinance violation; identify the court in which action was taken; indicate whether a plea of guilty or not guilty was entered or the conviction was the result of the forfeiture of bail, bond, or other security; and shall include any special findings made in connection therewith.

Article III of the Compact requires each party state to report convictions to a licensee's resident state. The Compact further dictates what information shall be contained in the conviction report. In the absence of Article III the Compact would have no real purpose. However, the Compact itself does not, as the Department contends, render the information transferred between party states admissible in a state court. There is no language in the Compact that discusses whether the information required to be transmitted between party states is to be considered admissible in a state court. Therefore, we decline to adopt the Department's position that such a provision exists.

---

**3.** 23 Pa. B. 5609 (1994). The Department was granted express authority to enter into the Driver License Compact of 1961 pursuant to 75 Pa.C.S. § 6146 of the Code, which states:

   **§ 6146. Enforcement agreements.**

   The secretary may enter into agreements relating to enforcement of this title, including, but not limited to:

     (1) the Driver License Compact and any other agreements to notify any state of violations incurred by residents of that state[.]

75 Pa.C.S. § 6146(1).

■ However, we believe the Department is correct in its analysis of Section 1550(d) of the Code and its impact on Section 5328(a) of the Act.

In *Rhoads,* this Court recognized out-of-state records must be validated according to Section 5328(a) of the Act. Subsequent to *Rhoads*[4] the legislature amended Section 1550 of the Code by adding subsection (d). In doing so the General Assembly lessened the Department's burden. Pursuant to Section 1550(d) of the Code, the Department is no longer required to comply with the evidentiary rules set forth in Section 5328(a) of the Act. Instead, the Department may now treat the documents received from a participating state as documents of the Department. These documents may then be reproduced, and under seal of the Department, submitted to an adjudicatory body to support the Department's case.

Mackall argues that this interpretation of Section 1550(d) of the Code is in conflict with Section 5328(a) of the Act. We disagree. The construction given by Mackall would produce an anomalous situation, one we do not think the legislature intended. The legislature clearly intended to depart from the strict evidentiary requirements of Section 5328(a) of the Act when it amended Section 1550 of the Code by adding subsection (d). To hold otherwise requires this Court to completely disregard the language of Section 1550(d) of the Code, or find the section has no effect. Such a result is absurd and contrary to the principles of statutory construction. 1 Pa. C.S. § 1922(1); *Pennsylvania State Police, Bureau of Liquor Control Enforcement v. McCabe,* 163 Pa.Cmwlth. 11, 644 A.2d 1270 (1993) (in ascertaining legislative intent, consequences of a particular interpretation may be considered and it is presumed the legislature did not intend an absurd result).

Furthermore, statutes *in pari materia* shall be construed together, if possible, as one statute. 1 Pa.C.S. § 1932(b). Statutes or parts of statutes are *in pari materia* when they relate to the same persons or things or have a common purpose. 1 Pa.C.S. § 1932(a). Section 5328(a) of the Act and Section 1550(d) of the Code both relate to the admission of documentary evidence; hence, they have a common purpose and shall be construed together.

In reviewing the two statutes, we conclude Section 1550(d) of the Code relaxes the evidentiary rules set forth in Section 5328(a) of the Act, as they relate to the admission of out-of-state documents that are transmitted to the Department.

■ In the case *sub judice,* we have reviewed the documentary evidence of record. The photostatic copies of the documents admitted into evidence do not clearly reflect the seal of the State of West Virginia. However, Douglas K. Tobin, Director, Bureau of Driver Licensing of the Commonwealth of Pennsylvania, has certified that the Abstract of Judgment dated 1/25/95 has the seal attached to the original. Since the Director's certification is under seal the West Virginia documents are admissible pursuant to Section 1550(d) of the Code. We note that the statute creates only a *prima facie* case of admissibility, such that the licensee would have the burden of rebutting the correctness of the documents.

In this case, the Department complied with the dictates of Section 1550(d) of the Code; hence, we affirm the common pleas court's order.

Accordingly, the order of the Court of Common Pleas of Beaver County is affirmed.

### ORDER

AND NOW, this 10th day of July 1996, the order of the Court of Common Pleas of Beaver County in the above-captioned matter is affirmed.

4. *Rhoads* was decided in December of 1992. Section 1550 of the Code was amended to add subsection (d) in July of 1993.