J-S22019-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RICKY WAYNE THOMPSON | |
| Appellant | No. 958 MDA 2016 |

Appeal from the Judgment of Sentence May 11, 2016
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0001137-2014

BEFORE:  SHOGAN, J., MOULTON, J., and PLATT, J.[*]

MEMORANDUM BY MOULTON, J.:          **FILED SEPTEMBER 21, 2017**

Ricky Wayne Thompson appeals from the May 11, 2016 judgment of sentence entered in the Berks County Court of Common Pleas following his jury trial convictions for intimidation of witnesses or victims (refrain from reporting), endangering the welfare of children, corruption of minors (sexual conduct), indecent assault (victim less than 13 years old), and indecent exposure.[1]  We affirm.

On September 16, 2015, a jury convicted Thompson of the aforementioned offenses.  After the trial court excused the jury, the Commonwealth stated on the record that Thompson had "a prior conviction

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 4952(a)(1), 4304(a)(1), 6301(a)(1)(ii), 3126(a)(7), and 3127(a), respectively.

from the State of New Jersey for possession of child pornography" and that it would "be filing written notice in the near future for the applica[tion] of the 25 years mandatory [minimum sentence] for [a] prior sexual offense." N.T., 9/16/15, at 245. On September 17, 2015, the Commonwealth filed written notice that it would be seeking 25-year mandatory minimum sentences for Thompson's convictions for corruption of minors and indecent assault pursuant to section 9718.2 of the Sentencing Code[2] based on a prior

_____

[2] Section 9718.2 of the Sentencing Code provides, in pertinent part:

**(a) Mandatory sentence.--**

(1) Any person who is convicted in any court of this Commonwealth of an offense set forth in section 9799.14 (relating to sexual offenses and tier system) shall, if at the time of the commission of the current offense the person had previously been convicted of an offense set forth in section 9799.14 or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction, be sentenced to a minimum sentence of at least 25 years of total confinement, notwithstanding any other provision of this title or other statute to the contrary . . .

. . .

**(c) Proof of sentencing.--**The provisions of this section shall not be an element of the crime, and notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed

*(Footnote Continued Next Page)*

conviction of an offense set forth under section 9799.14 of the Sexual Offenders Registration and Notification Act ("SORNA") "or an equivalent crime under the laws of this Commonwealth in effect at the time of the commission of that offense or an equivalent crime in another jurisdiction." Cmwlth.'s Not. of Intent, 9/17/15. The notice did not specifically reference either the New Jersey conviction or New Jersey law.

*(Footnote Continued)* ─────────────

> under this section shall be provided after conviction and before sentencing. The applicability of this section shall be determined at sentencing. The sentencing court, prior to imposing sentence on an offense under subsection (a), shall have a complete record of the previous convictions of the offender, copies of which shall be furnished to the offender. If the offender or the attorney for the Commonwealth contests the accuracy of the record, the court shall schedule a hearing and direct the offender and the attorney for the Commonwealth to submit evidence regarding the previous convictions of the offender. The court shall then determine, by a preponderance of the evidence, the previous convictions of the offender and, if this section is applicable, shall impose sentence in accordance with this section. Should a previous conviction be vacated and an acquittal or final discharge entered subsequent to imposition of sentence under this section, the offender shall have the right to petition the sentencing court for reconsideration of sentence if this section would not have been applicable except for the conviction which was vacated.

42 Pa.C.S. § 9718.2.

At sentencing on May 11, 2016, the Commonwealth introduced a three-page document that it represented to be a copy of Thompson's New Jersey judgment of conviction for possession of child pornography. Thompson's counsel objected to its admission arguing that section 5328(a) of the Judicial Code requires that the document be sealed and, because the document did not contain a seal, it was inadmissible. The Commonwealth argued that the signature affixed by a Special Deputy Clerk of the New Jersey Superior Court met the requirements of section 5328(a).

Thompson also argued that the Commonwealth failed to provide him written notice that New Jersey law would be at issue at sentencing in violation of section 5327(a) of the Judicial Code. Accordingly, Thompson objected to the Commonwealth's introduction of the New Jersey statute under which he was allegedly convicted. The Commonwealth responded that Thompson was "notified by the Commonwealth at the time [it] filed [its] notice that [it] was intending on using [the] New Jersey statute." N.T., 5/11/16, at 24. The trial court agreed with the Commonwealth on both issues and admitted the document.

The trial court imposed the 25-year mandatory minimum sentences pursuant to section 9718.2 for corruption of minors and indecent assault based on the New Jersey conviction. These sentences were imposed concurrent to each other and concurrent to the sentences imposed for Thompson's other convictions, resulting in an aggregate sentence of 25 to 50 years' incarceration.

On May 23, 2016, Thompson filed a post-sentence motion, arguing that: the predicate conviction that triggered the mandatory minimum sentences was established by inadmissible evidence under section 5328 and Pennsylvania Rule of Evidence 902(1); and the Commonwealth failed to provide him written notice that New Jersey law would be at issue at sentencing as required by section 5327 of the Judicial Code. On May 24, 2016, the trial court denied Thompson's motion. On June 15, 2016, Thompson timely filed a notice of appeal.

Thompson raises the following issues on appeal:

    A. Whether the case should be remanded to supplement the sufficiency of the evidence claim?

    B. Whether the Lower Court erroneously admitted evidence to support the [m]andatory sentence at the sentencing hearing, namely:

        a. An unsealed foreign record that purportedly demonstrated an out of state conviction of [Thompson].

        b. Taking judicial notice of an out of state statute contrary to Pennsylvania law, when that statute post-dated [Thompson]'s purported out of state conviction.

        c. The Lower Court accepted an incomplete record of [Thompson]'s prior conviction, contrary to the [m]andatory statute.

    C. Whether the [m]andatory [s]entence was unlawful for the following reasons:

        a. The mandatory notice was legally insufficient in that it failed to provide [Thompson] with sufficient notice of the predicate offense.

> b. The mandatory [sentence] is contrary to ***Alleyne*** [***v. United States***, 133 S.Ct. 2151 (2013)] and a violation of due process under the [United States] and Pennsylvania Constitutions.

Thompson's Br. at 4-5 (suggested and trial court answers omitted).

## I. Sufficiency Claims

### A. Supplemental 1925(b) Statement

First, Thompson argues that the trial court erred in denying his petition to supplement his Rule 1925(b) statement after counsel's receipt of the trial transcripts.

On June 15, 2016, when counsel filed Thompson's notice of appeal, he simultaneously petitioned the trial court to waive appeal fees as Thompson was petitioning to proceed *in forma pauperis* ("IFP"). Thompson asserts that, in Berks County, transcript requests cannot be processed unless accompanied by a 50% deposit or the petitioner has been granted leave to proceed IFP. Thompson states that although the trial court scheduled an IFP hearing for July 6, 2016, it granted Thompson IFP status on June 16, 2016. Counsel claims he did not receive notice of the IFP status until late June. When Thompson filed his Rule 1925(b) statement on July 6, 2016, he simultaneously filed a request for transcripts and a petition to supplement the 1925(b) statement upon receipt of the transcripts. The trial court denied Thompson's petition.

Thompson argues that "[he] should have [had] the opportunity to review the relevant court transcripts before having to commit to a final

version of a [Rule] 1925[(b)] concise statement," and that he showed good cause for the filing of a supplemental statement.[3]  Thompson's Br. at 12.  We disagree.

When a trial court orders an appellant to file a Rule 1925(b) statement, Rule 1925(b)(2) provides the appellant 21 days in which to file a statement of errors complained of on appeal.  However,

> [u]pon application of the appellant and for good cause shown, the judge may enlarge the time period initially specified or permit an amended or supplemental [s]tatement to be filed.  Good cause includes, but is not limited to, delay in the production of a transcript necessary to develop the [s]tatement so long as the delay is not attributable to a lack of diligence in ordering or paying for such transcript by the party or counsel on appeal.  In extraordinary circumstances, the judge may allow for the filing of a [s]tatement or amended or supplemental [s]tatement *nunc pro tunc*.

Pa.R.A.P. 1925(b)(2).  The comment to Rule 1925(b)(2) provides further guidance:

> This paragraph extends the time period for drafting the Statement from 14 days to at least 21 days, with the trial court permitted to enlarge the time period or to allow the filing of an amended or supplemental Statement upon good cause shown.  In **Commonwealth v. Mitchell**, . . . 902 A.2d 430, 444 ([Pa.] 2006), the [Supreme] Court expressly observed that a Statement filed "after several

---

[3] Thompson asserts that the trial court denied his petition to supplement the Rule 1925(b) statement because it "was long enough already," and, as a part of the reproduced record, Thompson submits an order with a note under the trial judge's signature that states, "C.S. seems long enough!"  R.R. at P157.  However, the copy of this order that appears in the certified record does not contain this note.  **See** Order, 7/7/16.

extensions of time" was timely. An enlargement of time upon timely application might be warranted if, for example, there was a serious delay in the transcription of the notes of testimony or in the delivery of the order to appellate counsel. A trial court should enlarge the time or allow for an amended or supplemental Statement when new counsel is retained or appointed. A supplemental Statement may also be appropriate when the ruling challenged was so non-specific--e.g. "Motion Denied"--that counsel could not be sufficiently definite in the initial Statement.

Pa.R.A.P. 1925, cmt. In addition, the Rule provides the trial court discretion in allowing an appellant to file supplemental 1925(b) statements. ***See id.***

Here, because appellate counsel also represented Thompson at trial, counsel should have known the specific elements that Thompson sought to challenge through a sufficiency claim when he filed the Rule 1925(b) statement. Moreover, counsel requested an extension of time to review the transcripts and determine whether there were "other meritorious issues" for appeal; he did not seek an extension of time to clarify Thompson's sufficiency claim. Under these circumstances, we conclude that the trial court did not abuse its discretion in denying Thompson's petition to file a supplemental Rule 1925(b) statement.

### B. Waiver of Sufficiency Claims

Because we conclude that the trial court did not abuse its discretion in denying Thompson's petition to file a supplemental 1925(b) statement, we must now determine whether Thompson has waived his sufficiency claims on appeal. It is well settled that "when challenging the sufficiency of the evidence on appeal, the [a]ppellant's [Rule] 1925[(b)] statement must

specify the element or elements upon which the evidence was insufficient in order to preserve the issue for appeal." ***Commonwealth v. Gibbs***, 981 A.2d 274, 281 (Pa.Super. 2009) (internal quotation omitted). "Such specificity is of particular important in cases where . . . the [a]ppellant was convicted of multiple crimes each of which contains numerous elements that the Commonwealth must prove beyond a reasonable doubt." ***Id.***

We conclude that Thompson has waived his sufficiency claims. In his Rule 1925(b) statement, Thompson merely contended that "[t]he alleged victim did not provide testimony to establish . . . indecent assault, indecent exposure, endangering the welfare of a child or corruption of minors." 1925(b) Stmt., 7/6/16, ¶ 1. Thompson failed to delineate which elements of which offenses he sought to challenge, thereby hampering our review of the sufficiency claims.[4]

## II. Evidence of New Jersey Conviction

Next, Thompson argues that the trial court improperly admitted a purported out-of-state conviction as evidence at sentencing. "Questions concerning the admissibility of evidence are 'within the sound discretion of the trial court . . . [and] we will not reverse a trial court's decision

---

[4] While we recognize and appreciate the trial court's analysis of the sufficiency of the evidence in its Rule 1925(a) opinion, we must uniformly apply the commands of Rule 1925 to put appellants on notice as to what the Rule requires.

concerning admissibility of evidence absent an abuse of the trial court's discretion.'" **Commonwealth v. Belknap**, 105 A.3d 7, 9-10 (Pa.Super. 2014) (quoting **Commonwealth v. Brown**, 52 A.3d 1139, 1197 (Pa. 2012)).

Thompson contends that the trial court erred in admitting the conviction as evidence at his sentencing hearing because the document did not contain a seal. According to Thompson, section 5328 of the Judicial Code requires that his out-of-state conviction document be sealed and, because the conviction document was not sealed, it was not self-authenticating under Pennsylvania Rule of Evidence 902. The trial court concluded that the conviction was admissible, stating that it was "in fact under seal" and "certified by the Clerk in Ocean County, New Jersey Superior Court." N.T., 5/11/16, at 6.

We are constrained to agree with Thompson that the certified copy of his out-of-state conviction did not contain a "seal" within the meaning of section 5328. Section 5328 provides that

> [a]n official record kept within the United States, or any state, district, commonwealth, territory, insular possession thereof, . . . when admissible for any purpose, may be evidenced by an official publication thereof or by a copy attested by the officer having the legal custody of the record, or by his deputy, and accompanied by a certificate that the officer has the custody. The certificate may be made by a judge of a court of record having jurisdiction in the governmental unit in which the record is kept, authenticated by the seal of the court, or by any public officer having a seal of office and having official duties in

- 10 -

> the governmental unit in which the record is kept, authenticated by the seal of his office.

42 Pa.C.S. § 5328(a). This Court has noted that an official seal is a technical requirement. *See Commonwealth v. Smith*, 563 A.2d 905 (Pa.Super. 1989). In *Smith*, this Court examined whether a court-martial conviction before the United States Army was a prior conviction for the purposes of section 9714 of the Sentencing Code.[5] *Id.* at 909. We concluded that a copy of the court-martial conviction that "was duly certified as being a true and correct copy by the Clerk of Court, U.S. Army Judiciary, U.S. Army Legal Services Agency, who is the official custodian of the records, and that bore the seal of the U.S. of America War Office" was properly authenticated under section 5328. *Id.* In addition, in a drivers' license suspension case, the Commonwealth Court similarly indicated that the presence of an official seal was necessary for authentication under section 5328. *See, e.g., Rhoads v. Commonwealth*, 620 A.2d 659, 662 n.2 (Pa.Cmwlth. 1993) (holding that "seal so faint as to be unreadable" prevented Court from determining whether licensee's record was admissible under section 5328).[6]

---

[5] Section 9714 of the Sentencing Code requires trial courts to apply mandatory minimum sentence where an offender is convicted of a crime of violence and, "at the time of the commission of the current offense . . . had previously been convicted of crime of violence." 42 Pa.C.S. § 9714(a)(1).

[6] We are not bound by decisions of the Commonwealth Court, but "such decisions provide persuasive authority, and we may turn to our

*(Footnote Continued Next Page)*

- 11 -

Here, the Commonwealth introduced Thompson's prior conviction[7] at sentencing. M.E. Hosler, Special Deputy Clerk of the New Jersey Superior Court, Ocean County Vicinage, certified, in writing, that the document is a true copy of Thompson's judgment of conviction. Hosler's signature appears on the first page of the document. A judge's signature appears on the second page of the document after the imposition of sentence, dated August 29, 2008. This document, however, contains no seal or equivalent stamp or impression by the New Jersey court.[8] As such, the Commonwealth did not meet the technical requirement of a "seal" under section 5328.

_(Footnote Continued)_ ───────────

colleagues on the Commonwealth Court for guidance when appropriate." **_Maryland Cas. Co. v. Odyssey_**, 894 A.2d 750, 756 n.2 (Pa.Super. 2006).

Following **_Rhoads_**, the General Assembly amended section 1550 of the Vehicle Code. **_See Mackall v. Commonwealth Dep't of Transp., Bureau of Driver Licensing_**, 680 A.2d 31, 34 (Pa.Cmwlth. 1996). Under section 1550(d), "the Department [of Transportation] is no longer required to comply with the evidentiary rules set forth in [s]ection 5328(a) of the [Judicial Code]." **_Id._**

[7] Initially, the certified record contained only a photocopy of the prior conviction. On July 25, 2017, we ordered the trial court to supplement the record with the original document introduced at the May 11, 2016 sentencing hearing. The trial court provided the document to this Court on August 2, 2017.

[8] Our research reveals no case law addressing what type of mark constitutes a "seal" under section 5328 of the Judicial Code. Black's Law Dictionary defines "seal" as: "A design embossed or stamped on paper to authenticate, confirm, or attest; an impression or sign that has legal consequence when applied to an instrument." Black's Law Dictionary 1550 (10th ed. 2014). However, because Thompson's purported conviction document contains no mark or stamp that remotely resembles a "seal," we

_(Footnote Continued Next Page)_

We conclude, however, that the trial court did not abuse its discretion in admitting the conviction document. First, Thompson makes no claim now that he was not convicted of possession of child pornography in New Jersey. Nor did he make such a claim at the sentencing hearing. His argument goes only to the technical absence of a seal. Second, Thompson admitted to a prior conviction for possession of child pornography. He did so on a preliminary arraignment form that was used to help the magisterial district court set an appropriate bail amount. While the arraignment form says "2005-Child Pron [sic]" and Thompson's judgment of conviction in New Jersey shows he was arrested in 2006 and convicted in 2008, Thompson has not asserted that he was not actually convicted of possession of child pornography. Further, a special deputy clerk of the Superior Court of New Jersey attested to the document's authenticity. In other words, there was no suggestion that the conviction document was not authentic, and the lack of a seal on the New Jersey judgment of conviction was merely a technical defect. Under these circumstances, we conclude that the trial court did not abuse its broad discretion in admitting the conviction. Therefore, Thompson is not entitled to relief.

## III.  Notice of New Jersey Law

_(Footnote Continued)_ ————————

need not address in further detail what constitutes a "seal" under section 5328.

Thompson also argues that the Commonwealth did not provide him with proper notice under section 5327 of the Judicial Code that New Jersey law would be at issue at sentencing.

Section 5327 permits "a court [to] take judicial notice of the law of any jurisdiction outside the Commonwealth of Pennsylvania." *Commonwealth v. Manley*, 985 A.2d 256, 271 (Pa.Super. 2009). However, section 5327 requires that "[a] party who intends to raise an issue concerning the law of any jurisdiction or governmental unit thereof outside this Commonwealth shall give notice in his pleadings or other reasonable written notice." 42 Pa.C.S. § 5327(a). The purpose of section 5327 is to warn an opposing party that the law of another jurisdiction is at issue such that the opposing party may prepare on that law. *Minnick v. Scheffy*, 65 Pa.D.&C. 1, 7 (Pa.Com.Pl. 1949).

In *Manley*, the appellant had asked the trial court to take judicial notice of the federal Sentencing Guidelines while cross-examining a Commonwealth witness; the witness agreed to testify against the appellant in exchange for a reduction in sentence in an unrelated federal case in which the witness pled guilty. 985 A.2d at 271. The trial court denied the request, and we affirmed, noting that the trial court correctly denied the request because defense counsel failed to "provide written notice of her intent to use the . . . Guidelines." *Id.*

Here, the Commonwealth sought to introduce a copy of the statute on which Thompson was allegedly convicted in New Jersey, but only provided

oral notice to Thompson in court after the verdict. The Commonwealth neither mentioned New Jersey law in its written notice pursuant to section 9718.2 nor filed a separate written notice stating that it would be using New Jersey law at sentencing. Because the plain language of section 5327 requires written notice and section 9718.2 requires the trial court to determine whether the offense from another jurisdiction is equivalent to a SORNA offense, *see* 42 Pa.C.S. § 9718.2, we conclude that the Commonwealth failed to comply with section 5327 of the Judicial Code.

Despite this violation, however, we conclude that the Commonwealth's failure to provide written notice of the applicability of the New Jersey statute did not prejudice Thompson because he had actual notice that the New Jersey statute would be at issue and ample time to prepare a defense. We recognize that constructive notice has not been applied to violations of section 5327. However, in the context of sentencing, Pennsylvania courts have ruled that some formal notice violations were harmless error where the Commonwealth provided the defendant constructive notice of the issue and the defendant was not prejudiced by the lack of formal notice. *See, e.g.,* *Commonwealth v. Hairston*, 84 A.3d 657, 675-77 (Pa. 2014) (finding no abuse of discretion where trial court permitted jury to consider death penalty aggravator, where Commonwealth had not given formal notice that particular death penalty aggravator would be at issue, because Commonwealth gave constructive notice and defendant was not prejudiced); *Commonwealth v. Wesley*, 753 A.2d 204, 210-16 (Pa. 2000) (same).

We reject Thompson's claim that he lacked notice that the New Jersey statute would be at issue. Thompson's arraignment information sheet specifically lists a prior conviction in 2005 for "Child Pron [sic]." Arraignment Information, 1/29/14. In addition, after the jury returned its verdict, the Commonwealth stated on the record that it would be filing a notice of intent to seek a mandatory minimum sentence under section 9718.2 based on Thompson's prior conviction for possession of child pornography in New Jersey. N.T., 9/16/15, at 245.

We also conclude that Thompson was not prejudiced by the lack of written notice. At sentencing, Thompson did not argue that he had not been convicted of possession of child pornography in New Jersey or that the New Jersey conviction was not equivalent to a SORNA offense. Instead, Thompson argued that the Commonwealth improperly presented to the trial court an amended version of the possession of child pornography statute, which was not in effect at the time of his conviction. N.T., 5/11/16, at 1-8. It is clear that Thompson not only had notice that the New Jersey statute would be at issue, but his counsel also had adequate time to, and in fact did, address the New Jersey statute at sentencing. Under these circumstances, we conclude that Thompson received adequate notice.

## IV. Complete Record of Prior Convictions

Next, Thompson asserts that the trial court erred in imposing a mandatory minimum sentence under section 9718.2 of the Sentencing Code because it did not "have a complete record of [his] previous convictions . . .

prior to imposing sentence[.]" 42 Pa.C.S. § 9718.2. According to Thompson, the phrase "complete record" shows that "the legislature wanted to be sure that a sentencing court knew about every aspect of a predicate conviction." Thompson's Br. at 20. Thus, Thompson asserts that the conviction document is not a complete record of the prior conviction, as it is "merely . . . a summary of a conviction" that does not contain the charging documents, guilty plea colloquy, or transcripts. *Id.* We disagree.

We apply the following standard of review to a question of statutory interpretation:

> Statutory interpretation is a question of law, therefore our standard of review is *de novo*, and our scope of review is plenary. In all matters involving statutory interpretation, we apply the Statutory Construction Act, 1 Pa.C.S. §[§] 1501[-04], which provides that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly.

> Generally, a statute's plain language provides the best indication of legislative intent. We will only look beyond the plain language of the statute when words are unclear or ambiguous, or the plain meaning would lead to "a result that is absurd, impossible of execution or unreasonable." 1 Pa.C.S. § 1922(1). Therefore, when ascertaining the meaning of a statute, if the language is clear, we give the words their plain and ordinary meaning.

*Commonwealth v. Popielarcheck*, 151 A.3d 1088, 1091-92 (Pa.Super. 2016) (some internal citations and quotations omitted).

The plain meaning of the phrase "complete record" in section 9178.2 is obvious from its context — the General Assembly intended for the sentencing court to have a complete listing of the offender's prior convictions

for sex offenses to determine whether the mandatory minimum sentence is applicable. Imposition of a mandatory minimum sentence under section 9718.2 requires only that the offender have a prior conviction for a SORNA offense or SORNA-equivalent offense from another jurisdiction. 42 Pa.C.S. § 9718.2(a)(1). Therefore, Thompson's implication that the phrase "complete record" means the entire case file of a sex offense conviction is untenable because the trial court need only know that the offender has been convicted. In addition, subsection (d) of section 9718.2 requires the trial court to impose the mandatory minimum sentence if the offender has a prior conviction for a SORNA offense or a SORNA-equivalent offense. *See* 42 Pa.C.S. § 9718.2(d) ("There shall be no authority in any court to impose on an offender to which this section is applicable any lesser sentence than provided for in subsections (a) and (b) or to place the offender on probation or to suspend sentence."). Accordingly, whether the trial court had Thompson's complete case file from the prior conviction was irrelevant because the trial court lacked discretion in imposing the mandatory minimum sentence.

## V.    Illegality of Sentence

Finally, Thompson argues that his sentence is illegal for two reasons. First, Thompson asserts that the Commonwealth's notice of intent to seek a mandatory minimum sentence under section 9718.2 of the Sentencing Code was insufficient, as it failed to give him information on his predicate conviction. Second, Thompson argues that section 9718.2 is an illegal

sentencing scheme under *Alleyne v. United States*, 133 S.Ct. 2151 (2013).

**A. Section 9718.2 Notice**

Thompson argues that his sentence is illegal because the Commonwealth's written notice did not mention any specific predicate conviction that would trigger the mandatory minimum sentence under section 9718.2. According to Thompson, the "[n]otice provided was completely generic and made no mention of [Thompson]'s instant conviction or what the Commonwealth believe[d] the prior conviction to be." Thompson's Br. at 22. We disagree.

Section 9718.2(c) of the Sentencing Code requires that "notice thereof to the defendant shall not be required prior to conviction, but reasonable notice of the Commonwealth's intention to proceed under this section shall be provided after conviction and before sentencing." 42 Pa.C.S. § 9718.2(c). While neither the Pennsylvania Supreme Court nor this Court has examined what constitutes "reasonable notice" under this section, this language is identical to the notice provision provided in section 9714(a)(1) of the Sentencing Code, which requires the imposition of a mandatory minimum sentence for a crime of violence where "at the time of the commission of the current offense the person had previously been convicted of a crime of violence." 42 Pa.C.S. § 9714(a)(1). In a case involving the applicability of section 9714, this Court concluded that the Commonwealth gave reasonable notice where it (1) gave written notice in the bill of

information that, if convicted of the crime of violence charged, it would be seeking a mandatory minimum sentence under section 9714, and (2) "verbally indicated on the record at the sentencing hearing its intent to pursue a mandatory sentence under section 9714 and described the two prior convictions for violent crimes." ***Commonwealth v. Norris***, 819 A.2d 568, 574-75 (Pa.Super. 2003).[9] The trial court in ***Norris*** concluded that the Commonwealth's notice was misleading because it did not state whether the Commonwealth sought imposition of the "two strikes" or "three strikes" provision of section 9714(a). ***Id.*** at 574. We concluded that the Commonwealth gave the appellant "reasonable notice" that "'encapsulated all relevant provisions' of section 9714." ***Id.*** (quoting ***Commonwealth v. Vasquez***, 744 A.2d 1280, 1283 (Pa. 2000)).

Here, the Commonwealth provided Thompson two forms of notice. First, immediately following Thompson's conviction, the Commonwealth

_____

[9] The bill of information provided:

> Notice is hereby given that should defendant be convicted of aggravated assaulting for having intentionally, knowingly, or recklessly caused serious bodily injury to another under circumstances manifesting extreme indifference to the value of human life, the Commonwealth will proceed under 42 Pa.C.S. § 9714 (concerning sentences for second and subsequent offenses) and seek the imposition of a mandatory sentence in accordance therewith.

***Norris***, 819 A.2d at 574.

- 20 -

stated on the record that it would be filing a notice of intent to seek mandatory minimum sentences under section 9718.2 based upon Thompson's prior conviction for possession of child pornography in New Jersey. Second, the day after Thompson was convicted, the Commonwealth filed, and served on Thompson, a written notice of its intent to seek mandatory minimum sentences on Thompson's convictions for corruption of minors and indecent assault:

**TO DEFENDANT:**

**AND NOW**, this 17th day of **September**, 2015, the Commonwealth of Pennsylvania, by and through Margaret McCallum, Assistant District Attorney, hereby advises the Defendant, Ricky Wayne Thompson, of its intention to invoke the mandatory minimum sentence provisions of 42 Pa.C.S. § 9718.2 as follows:

1.  42 Pa.C.S. §[]9718.2(a)(1) (Sentences for sexual offenders), requiring a minimum sentence of at least twenty-five (25) years incarceration for committing the crime of Corruption of Minors, 18 Pa.C.S. §[]6301(a)(1)(ii) as it applies to Count 4 of the information when at the time of the commission of the current offense had previously been convicted of an offense set forth in section 42 Pa.C.S. §[]9799.14 (Sexual Offenses and tier system) or an equivalent crime under the laws of this Commonwealth in effect at the time of that offense or an equivalent crime in another jurisdiction.

2.  42 Pa.C.S. §[]9718.2(a)(1) (Sentences for sexual offenders), requiring a minimum sentence of at least twenty-five (25) years incarceration for committing the crime of Indecent Assault, 18 Pa.C.S. §[]3127(a)(7) as it applies to Count 5 of the information when at the time of the commission of the current offense had previously been convicted of an offense set forth in section 42 Pa.C.S. §[]9799.14 (Sexual Offenses and tier system) or an equivalent

crime under the laws of this Commonwealth in effect at the time of that offense or an equivalent crime in another jurisdiction.

Cmwlth.'s Not. of Intent, 9/17/15, at 1-2. Similar to **Norris**, the Commonwealth not only gave Thompson written notice of its intent to seek a mandatory minimum sentence based upon section 9178.2, but also orally stated to both the trial court and Thompson that invocation of section 9718.2 was based upon his prior New Jersey conviction. Therefore, we conclude that Thompson received reasonable notice as required by section 9718.2.

### B. *Alleyne* Claim

Finally, Thompson argues that his mandatory minimum sentence under section 9718.2 is illegal pursuant to **Alleyne v. United States**, 133 S.Ct. 2151 (2013). Thompson recognizes that **Alleyne** does not upset sentencing schemes that require only proof of a prior conviction, but argues that section 9718.2 requires more because "the . . . [c]ourt is required to make a factual determination as to whether the New Jersey crime is an equivalent crime in another jurisdiction." Thompson's Br. at 24. According to Thompson, **Alleyne** applies because this additional determination requires that the fact finder conclude beyond a reasonable doubt that the prior out-of-state conviction for a sex offense is equivalent to a SORNA offense. We disagree.

"In **Alleyne**, the Supreme Court of the United States established that '[a]ny fact that, by law, increases the penalty for a crime is an "element"

- 22 -

that must be submitted to the jury and found beyond a reasonable doubt.'" *Commonwealth v. Bragg*, 133 A.3d 328, 332-33 (Pa.Super. 2016) (quoting *Alleyne*, 133 S.Ct. at 2155), *aff'd*, ___ A.3d ___, 2017 Pa. Lexis 1924, at *1 (Pa. filed Aug. 22, 2017). In *Bragg*, this Court considered whether *Alleyne* applied to section 9714 of the Sentencing Code, discussed above. There, we concluded that because "the Supreme Court [of the United States] has recognized a narrow exception to this rule for prior convictions[,] . . . [s]ection 9714 is not rendered unconstitutional under *Alleyne* as it provides for mandatory minimum sentences based on prior convictions." *Id.* at 333. Because the applicability of section 9718.2 is premised on prior convictions for SORNA offenses or SORNA-equivalent offenses, and section 9718.2 is nearly identical to section 9714 in both wording and application, we conclude that *Alleyne* is inapplicable to section 9718.2.

Nor are we persuaded by Thompson's argument that the question of what constitutes a SORNA-equivalent offense from another jurisdiction under section 9718.2 requires the trial court to engage in impermissible fact-finding. We again turn to section 9714 for guidance. In determining whether an out-of-state conviction is equivalent to a crime of violence in Pennsylvania, the trial court must "carefully review the elements of the foreign offense in terms of classification of the conduct proscribed, its definition of the offense, the requirement for culpability," and determine if the offense "is substantially identical in nature and definition [to] the out-of-

state or federal offense when compared [to the] Pennsylvania offense." *Commonwealth v. Diaz*, 152 A.3d 1040, 1048-49 (Pa.Super. 2016) (quoting *Commonwealth v. Northrip*, 985 A.2d 734, 743 (Pa. 2009)), *app. denied*, ___ A.3d ___, 2017 WL 2264119 (Pa. filed May 23, 2017). Our Supreme Court has instructed that in making that equivalency determination, the "focus should be on 'the [prior] crime for which the defendant was convicted, **not the factual scenario underlying that crime**.'" *Id.* at 1049 (quoting *Northrip*, 985 A.2d at 741) (emphasis added). Because the determination of whether an out-of-state conviction is equivalent to a crime of violence under section 9714 is a question of law, we conclude that the similar determination of whether an out-of-state conviction for a sex offense is equivalent to a SORNA offense under section 9718.2 is also a question of law to be resolved by the trial court. Further, because we conclude that the equivalency test[10] under section 9718.2 raises a question of law and not fact, we conclude that *Alleyne* does not apply.

Judgment of sentence affirmed.

_____

[10] Thompson's claim does not require us to determine the appropriate equivalency test under section 9718.2. However, we believe the equivalency test approved by our Supreme Court in *Northrip* is appropriate for determining whether an out-of-state conviction for a sex offense is equivalent to a SORNA offense.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>9/21/2017</u>